IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| v. ) | Case No. 09-40024-01-JAR |
| ) | 14-4865 -JAR |
| ANTOINE CARDIN WILLIAMS, ) | |
| ) | |
| Defendant/Petitioner. ) | |
| ) | |

**MEMORANDUM AND ORDER**

On January 5, 2012, the Court dismissed Petitioner Antoine Williams's Motion to Vacate Pursuant to 28 U.S.C. § 2255 as untimely and, alternatively, for failure to meet his burden to show ineffective assistance of counsel (Doc. 128). This matter is before the Court on Williams's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 143) on the grounds that he has newly discovered evidence that he was denied effective assistance of counsel because counsel failed to request a competency hearing.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a defendant may not file a second or successive motion pursuant to § 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion.[1] Because Williams's second or successive claim under § 2255 was filed without the requisite authorization from the Tenth Circuit, the Court should determine whether it is in the interest of justice to transfer it to the Tenth Circuit under 28 U.S.C. § 1631 or dismiss the petition for lack of jurisdiction.[2] The Tenth Circuit has counseled that "[w]here there is no risk that a meritorious

---

[1] *See* 28 U.S.C. §§ 2244(b)(3), 2255(h).

[2] *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization."[3]

The phrase "if it is in the interest of justice" has been interpreted to grant the district court the discretion in making the decision whether to transfer an action or, instead, to dismiss the action.[4] Factors considered in deciding whether a transfer is in the interests of justice include whether the claims would have been time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.[5] A prisoner who wishes to file a successive § 2255 motion has the burden of showing that he satisfies one of the two conditions: either (1) the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[6] Finally, because this is a successive § 2255 motion, the one-year statute of limitations begins running from the date on which the facts supporting his claims presented could have been discovered through the exercise of due diligence.[7]

---

[3]*Id.*

[4]*Id*. at 1252–53.

[5]*Id*. at 1252 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1233 n.16 (10th Cir. 2006)).

[6]*United States v. Harper*, 545 F.3d 1230, 1232 n.12 (10th Cir. 2008) (citing 28 U.S.C. § 2255(h)).

[7]28 U.S.C. § 2255(f).

Williams's claim is without merit. Williams continues to argue that his counsel was ineffective because she failed to seek a competency hearing, the same issue raised and rejected by this Court in his first § 2255 motion.[8] Williams again relies upon his low cognitive functions to establish mental incapacity. As the Court discussed in its previous order, Williams's counsel requested a mental evaluation before sentencing, which fulfilled her duty to Williams. As reflected in the sentencing hearing transcript attached to Williams's motion, the Court considered Dr. Hough's report before determining Williams's appropriate sentence; while Williams has low cognitive function, the Court did not find him incompetent. The Court further rejected Williams's claim that the evaluation should have been done before he entered the plea, noting the lengthy plea colloquy and opportunity to discuss with Williams the charges against him, and its finding that Williams was mentally competent at the plea hearing and at the time of the offense. The Tenth Circuit denied Williams's request for a certificate of appealability and dismissed his appeal, affirming this Court's dismissal of his motion as untimely and finding that he had not established grounds for equitable tolling based on his alleged mental disability.[9]

Williams does not point the Court to any newly discovered evidence regarding his competency, nor does he cite the existence of new constitutional law. Accordingly, Williams's motion does not meet the requirements for second or successive § 2255 motions, and thus the Court dismisses the motion rather than transferring it to the Tenth Circuit.[10]

---

[8] Doc. 128 at 9–11.

[9] Doc. 138.

[10] *See United States v. Lara-Jiminez*, 377 F. App'x 820, 822 (10th Cir. 2010) (finding transfer not in interest of justice when claims clearly do not meet requirements in Section 2255(h)); *In re Cline*, 531 F.3d at 1252 (holding district court may refuse to transfer motion where motion fails on its face to satisfy any of the authorization standards of Section 2255(h)).

**IT IS THEREFORE ORDERED BY THE COURT** that Williams's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 143) is an unauthorized second or successive § 2255 motion that is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: April 8, 2015

                                               S/ Julie A. Robinson

                                               JULIE A. ROBINSON

                                               UNITED STATES DISTRICT JUDGE