## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 09-40024-1-JAR** |
| **ANTOINE C. WILLIAMS,** | |
| **Defendant.** | |

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

This matter comes before the Court on Defendant Antoine C. Williams' *pro se* letter (Doc. 151) requesting compassionate release. For the reasons explained below, the Court denies Williams's motion.

### I.      Background

On October 20, 2009, Williams pled guilty to five counts of an eight-count indictment: (1) distributing approximately 2.34 grams of a cocaine-base controlled substance; (2) robbing a Bureau of Alcohol, Tobacco, and Firearms ("ATF") agent of his duty weapon; (3) using, carrying, and brandishing a firearm in relation to a crime of violence; (4) assaulting an ATF agent; and (5) being a felon in possession of a firearm.[1]  On March 9, 2010, the Court sentenced Williams to a 204-month term of imprisonment, a five-year term of supervised release, and a $500 special assessment.[2]  Williams is currently incarcerated at Atlanta USP.  The BOP reports

---

[1]Doc. 68; *see also* Doc. 67.

[2]Doc. 104.  The controlling sentence on Counts 1, 3, 6, and 8 was 120 months, to run concurrent to one another; the controlling sentence on Count 4, using or brandishing a firearm during a crime of violence, was 84 months, to run consecutively to all other counts.  *Id.*

that sixteen inmates have tested positive and 175 have been tested.[3]  Williams is thirty-nine years old, and his projected release date is December 13, 2023.

On June 9, 2020, Williams filed a letter, "requesting the court grant [him] compassionate release under the First Step Act due to the high risk of death or serious illness from COVID-19."[4] Under Standing Order 19-1, the Federal Public Defender ("FPD") has been appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act.  That Order was supplemented by Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic.  Under that Order, the FPD must notify the Court within fifteen days of filing of any *pro se* compassionate release motion whether it intends to enter an appearance on behalf of the defendant or seek additional time to make such a determination.  The FPD has not entered an appearance, and the time for doing so has expired.  Accordingly, Williams's motion proceeds *pro se*.

## II.    Legal Standards

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'"[5]  Section 3582(c) permits a court to modify a term of imprisonment for compassionate release only if certain exceptions apply.  Until recently, these exceptions required the BOP to move on a defendant's behalf.  In 2018, however, the First Step Act modified the compassionate

---

[3]Federal Bureau of Prisons, *COVID-19 Coronavirus:COVID-19 Cases*, https://www.bop.gov/coronavirus (last accessed July 28, 2020).

[4]Doc. 151 at 1.

[5]*United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell,* 81 F.3d 945, 947 (10th Cir. 1996)).

release statute, permitting a defendant to bring his own motion for relief.[6]  But a defendant may

bring a motion for compassionate release from custody only if he "has fully exhausted all

administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the

lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,

whichever is earlier. . . ."[7]  Unless a defendant meets this exhaustion requirement, the court lacks

jurisdiction to modify the sentence or grant relief.[8]

   Where a defendant has satisfied the exhaustion requirement, a court may reduce the

defendant's proposed sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to

the extent they are applicable, if the court determines: (1) "extraordinary and compelling reasons

warrant such a reduction"; or (2)  "the defendant is at least 70 years of age, has served at least 30

years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination

has been made by the Director of the [BOP] that the defendant is not a danger to the safety of

any other person or the community."[9]  In addition, a court must ensure that any reduction in a

defendant's sentence under this statute is "consistent with applicable policy statements issued by

the Sentencing Commission."[10]

---

[6]First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[7]18 U.S.C. § 3582(c)(1)(A).

[8]*United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *see also United States v. Walker*, No. 13-10051-EFM, 2020 WL 101369, at *2 (D. Kan. May 1, 2020) ("The administrative exhaustion requirement is jurisdictional and cannot be waived"); *see also United States v. Read-Forbes*, No. 12-20099-KHV, 2020 WL 1888856, at *3–4 (D. Kan. Apr. 16, 2020) (analyzing the text, context, and historical treatment of § 3582(c)'s subsections to determine the exhaustion requirement is jurisdictional). *Cf. United States v. Younger*, No. 16-40012-DDC, 2020 WL 3429490, at *3 (D. Kan. June 23, 2020) (reasoning that, absent direct guidance from the Tenth Circuit, the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[9]18 U.S.C. § 3582(c)(1)(A).

[10]*Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding the Sentencing Commission policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

The Sentencing Commission's policy statement pertaining to sentence reductions under 18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13.  The Sentencing Commission's comments to § 1B1.13 contemplate four categories of extraordinary, compelling circumstances: (1) the defendant is suffering from a terminal illness, i.e., a serious, advanced illness with an end-of-life trajectory; (2) the defendant is suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (3) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; and (4) the defendant needs to serve as a caregiver for a minor child, spouse, or registered partner.[11]  As this Court has previously determined, in accordance with the weight of authority, the Court is not limited to these factors and may exercise its own discretion to determine whether other extraordinary and compelling reasons warrant relief under the statute under the so-called "catchall" provision found in subdivision (D) of the Sentencing Commission's comments.[12]  A defendant requesting compassionate release bears the burden of establishing that compassionate release is warranted under the statute.[13]

---

[11]U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018).

[12] *United States v. Pullen*, No. 98-40080-JAR, 2020 WL 4049899, at *3 (D. Kan. July 20, 2020) (collecting cases).

[13]*See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (defendant bears the burden of demonstrating entitlement to relief under § 3582(c)(2)); *United States v. Bright*, No. 14-10098-JTM, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) (noting the "extraordinary and compelling" standard imposes a heavy burden on an inmate seeking compassionate release under § 3582(c)(1)(A)).

III.    **Discussion**

A.    **Exhaustion**

Williams has satisfied the exhaustion requirement described in § 3582(c).  Williams requested compassionate release from the Warden at Atlanta USP on May 4, 2020.[14]  Though Williams does not explicitly state whether he received a response in his motion, he indicates that more than thirty days have passed since he made that request.  Additionally, the Government has not filed a response to Williams's motion to controvert that he has satisfied the exhaustion requirement.  Thus, because more than thirty days have passed since Williams requested compassionate release from the Warden, this Court has jurisdiction to decide Williams's motion.

B.    **Extraordinary and Compelling Reasons**

Having determined Williams exhausted his administrative remedies, the Court next evaluates whether Williams has demonstrated extraordinary and compelling reasons exist to warrant compassionate release.  Williams argues that the ongoing COVID-19 pandemic, in conjunction with Atlanta USP's failures to implement preventative measures to curb the spread of COVID-19 within the facility, constitute extraordinary and compelling reasons warranting a sentence reduction under § 3582(c)(1)(A).  Williams also references that he has been "deemed disabled," but does not include any specific information about his medical condition(s).[15]  Based on the COVID-19 pandemic and Williams's perceived failures of BOP to take appropriate measures to protect inmates, Williams concludes he is "unable to follow CDC guidelines to

---

[14]Doc. 151 at 1.

[15]Doc. 151 at 2.  Notwithstanding his statement that he has been deemed disabled, Defendant indicates that he would be able to work some number of hours per week. *Id.*

protect [himself] from COVID-19."[16]  Thus, Williams argues, he is unable to "exercise self-care" within Atlanta USP.[17]

Courts nationwide interpret the "extraordinary and compelling" standard differently; but most agree that in the context of the current global pandemic, an inmate demonstrates extraordinary and compelling circumstances if he has serious underlying health conditions that place him at an increased risk of serious illness or death from COVID-19 while incarcerated.[18] The DOJ recently adopted the position that an inmate who presents with one of the risk factors identified by the Centers for Disease Control and Prevention ("CDC") should be considered as having an "extraordinary and compelling reason" warranting a sentence reduction.[19]

Here, Williams fails to identify what, if any, underlying health conditions he suffers from that may render him uniquely susceptible to severe complications if he contracts COVID-19. Generalized concerns about COVID-19, even when the virus has spread within a correctional facility, do not create the type of extraordinary and compelling circumstances sufficient to justify compassionate release.[20]  Accordingly, because Williams does not make any individualized

---

[16]*Id.* at 1.

[17]*Id.* at 2.

[18]*See, e.g.*, *United States v. Lavy*, No. 17-20033-JAR, 2020 WL 3218110 (D. Kan. June 15, 2020) (granting compassionate release based in part on COVID-19 where the defendant was at risk due to his age, hypertension, bipolar disorder, and major depressive disorder); *United States v. Lopez*, No. 18-CR-2846-MV, 2020 WL 2489746 (D. N.M. May 14, 2020) (granting compassionate release based in part on COVID-19 where the defendant demonstrated he was at risk because of his age, high blood pressure, and Type II diabetes); *United States v. Delgado*, No. 18-17, 2020 WL 2464685, at *3 (D. Conn. Apr. 30, 2020) ("Since the outbreak of the COVID-19 pandemic, numerous courts . . . have held that a defendant's pre-existing health conditions . . . in combination with the increased risks of COVID-19 in prisons constitute 'extraordinary and compelling reasons' warranting relief") (collecting cases); *United States v. McCarthy*, No. 3:92-CR-0070-JCH, 2020 WL 1698732, at *5 (D. Conn. Apr. 8, 2020) (collecting cases where defendants have been released based on their risk factors for COVID-19 such as asthma, diabetes, and compromised immune systems);  *United States v. Rodriguez*, No. 3-CR-271-AB, 2020 WL 1627331, at *7 (E.D. Penn. Apr. 1, 2020) (same).

[19]*See, e.g., United States v. Martin*, No. DKC 04-0235-5, 2020 WL 3447760, at *2 (D. Md. June 24, 2020); *see also* U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(A)(ii)(I) (U.S. Sentencing Comm'n 2018).

[20]*United States v. Seymon*, No. 11-CR-10040-JES, 2020 WL 2468762, at *4 (C.D. Ill. May 13, 2020) ("The Court does not seek to minimize the risks that COVID-19 poses to inmates in the BOP," however, "the mere

showing about his vulnerability, he has not met his burden to demonstrate his circumstances constitute extraordinary, compelling circumstances warranting compassionate release.

### C.    Section 3553(a)

The Court's conclusion is buttressed by a consideration of the applicable § 3553(a) factors. The Court is not convinced that the pandemic-related conditions Williams finds himself in qualify him for release after serving approximately two-thirds of his sentence. The Court must still consider: (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentence disparities among similarly-situated defendants.[21]

Application of the § 3553(a) factors here militates against reducing Williams's sentence to time-served. To be sure, Williams faces cognitive difficulties, his personal history is traumatic, and he was shot multiple times during the offense—factors the Court acknowledged and took into account during sentencing.[22] Williams pled guilty to serious, violent felony offenses involving robbing an ATF agent of his duty weapon; using, carrying, and brandishing a firearm in relation to a crime of violence; and assaulting an ATF agent. These offenses were not Williams's first felony, resulting in a substantial criminal history category VI classification.[23] When the Court sentenced Williams, it adhered to the statutory mandate that it impose a sentence

---

presence of COVID-19 in a particular prison cannot justify compassionate release – if it could, every inmate in that prison could obtain release.").

[21]See 18 U.S.C. § 3553(a)(1)–(6).

[22]Doc. 118 at 20–28.

[23]Doc. 98 ¶ 83.

that was "not greater than necessary."[24]  Williams received a sufficient but judicious sentence of 204 months' imprisonment—reducing that sentence by over three years would produce a sentence that no longer reflects the seriousness of Williams's criminal conduct, nor furnish adequate deterrence to criminal conduct or provide just punishment.  Finally, reducing Williams's sentence to the approximately 120 months he has served would not account for the 84-month consecutive sentence he received on the using or brandishing a firearm count.[25]  No new fact justifies such a substantial disparity.  The pertinent sentencing factors in § 3553(a) do not favor the reduction Williams seeks and his motion is therefore denied.[26]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Antoine C. Williams's Motion for Compassionate Release (Doc. 151) is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 29, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[24]18 U.S.C. § 3553(a).

[25]Doc. 22 ¶ 101.

[26]*See United States v. Pawlowski*, ---F. App'x---, 2020 WL 3483740, at *2 (3d Cir. June 26, 2020) (holding the district court did not abuse its discretion denying motion for compassionate release based on the amount of time remaining to be served; the decision not to reduce defendant's sentence from 15 years to less than two years was not unreasonable after consideration of several of the § 3553(a) factors) (citing cases).