IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ANTOINE C. WILLIAMS,

    Defendant.

Case No. 09-40024-1-JAR

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Antoine C. Williams's pro se letter (Doc. 153) requesting compassionate release, which the Court construes as a motion for reconsideration. The Court previously denied Williams's motion for compassionate release under 18 U.S.C. § 3582(c), finding that Williams did not demonstrate extraordinary and compelling circumstances warranting his early release from prison and that the sentencing factors in 18 U.S.C. § 3553(a) did not favor a sentence reduction.[1] Williams is again before the Court, seeking compassionate release on identical grounds as those previously addressed by the Court. For the reasons explained below, the Court denies Williams's motion.

## I.     Background

On October 20, 2009, Williams pled guilty to five counts of an eight-count indictment: (1) distributing approximately 2.34 grams of a cocaine-base controlled substance; (2) robbing a Bureau of Alcohol, Tobacco, and Firearms ("ATF") agent of his duty weapon; (3) using, carrying, and brandishing a firearm in relation to a crime of violence; (4) assaulting an ATF

---

[1] Doc. 152.

agent; and (5) being a felon in possession of a firearm.[2]  On March 9, 2010, the Court sentenced Williams to a 204-month term of imprisonment, a five-year term of supervised release, and a $500 special assessment.[3]  Williams is currently incarcerated at USP Atlanta.  The Bureau of Prisons ("BOP") reports that 90 inmates have tested positive for COVID-19 out of 814 tested at this facility.[4]  The BOP further reports that there are six active inmate cases, eight active staff cases, and one inmate death at USP Atlanta.[5]  Williams is thirty-nine years old, and his projected release date is December 13, 2023.

On June 9, 2020, Williams filed a pro se letter "requesting the court grant [him] compassionate release under the First Step Act due to the high risk of death or serious illness from COVID-19."[6]  The Court denied his motion, finding that he did not present extraordinary or compelling circumstances warranting release because he only identified generalized concerns.[7]  Specifically, the Court found that Williams did not identify any underlying health conditions that made him more susceptible to severe complications should he contract COVID-19, and generalized concerns were an insufficient reason for release.[8]  The Court also found that the sentencing factors in 18 U.S.C. § 3553(a) did not favor a sentence reduction.[9]

---

[2] Doc. 68; *see also* Doc. 67.

[3] Doc. 104.  The controlling sentence on Counts 1, 3, 6, and 8 was 120 months, to run concurrent to one another; the controlling sentence on Count 4, using or brandishing a firearm during a crime of violence, was 84 months, to run consecutively to all other counts.  *Id.*

[4] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus (last visited Dec. 2, 2020).

[5] *Id.*

[6] Doc. 151 at 1.

[7] Doc. 152.

[8] *Id.* at 6–7.

[9] *Id.* at 7–8.

On November 9, 2020, Williams filed a second pro se letter, which the Court construes as motion for reconsideration, again "requesting the court grant [him] compassionate release under the First Step Act due to the high risk of death or serious illness from COVID-19."[10] On November 16, 2020, the government filed a response opposing Williams's motion.[11]

## II.     Legal Standard

D. Kan. Rule 7.3(b) governs motions to reconsider non-dispositive orders.  Under that rule, a party may seek reconsideration on the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[12]  While a motion to reconsider is available where the court has "misapprehended the facts, a party's position, or the controlling law," such a motion does not permit a party to "revisit issues already addressed or to advance arguments that could have been raised in prior briefing."[13]  "The Tenth Circuit has observed that 'a motion for reconsideration is an extreme remedy to be granted in rare circumstances.'"[14]  "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider."[15]  Whether to grant a motion for reconsideration is left to the court's discretion.[16]

---

[10] Doc. 153 at 1.

[11] Doc. 155.

[12] D. Kan. R. 7.3(b).

[13] *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (addressing motion under Fed. R. Civ. P. 59(b)).

[14] *A.H. ex rel. Hohe v. Knowledge Learning Corp.*, No. 09-2517-DJW, 2011 WL 1466490, at *4 (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995)).

[15] *Id.* (citing *Sithon Mar. Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998)); *see also Turner v. Nat'l Council of State Bds. of Nursing*, No. 11-2059-KHV, 2013 WL 139750, at *2 (D. Kan. Jan. 10, 2013) (citing *Cline v. S. Star Cent. Gas Pipeline, Inc*., 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005), *aff'd*, 191 F. App'x 822 (10th Cir. 2006)).

[16] *Coffeyville*, 748 F. Supp. 2d at 1264 (citing *In re Motor Fuel Temp. Sales Pracs. Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)).

### III. Discussion

Williams repeats, verbatim, the arguments and allegations raised in his original motion for compassionate release and presents no new evidence for the Court to weigh.[17] Williams restates that the ongoing COVID-19 pandemic, coupled with USP Atlanta's failures to implement preventative measures to curb the spread of COVID-19 within the facility, constitute extraordinary and compelling reasons warranting a sentence reduction under § 3582(c)(1)(A). Williams also reiterates that he has been "deemed disabled," but, like his first motion, he does not include any specific information about his medical condition(s).[18] Williams again concludes that, based on the COVID-19 pandemic and the failures of BOP to take appropriate measures to protect inmates, he is "unable to follow CDC guidelines to protect [himself] from COVID-19."[19] A motion for reconsideration, however, is an inappropriate vehicle to revisit issues this Court previously addressed. Nothing in Williams's motion changes the Court's previous analysis, and the Court therefore denies his request.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Antoine C. Williams's Motion for Reconsideration (Doc. 153) is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 3, 2020

>S/ Julie A. Robinson
>JULIE A. ROBINSON
>CHIEF UNITED STATES DISTRICT JUDGE

---

[17] *Compare* Doc. 151, *with* Doc. 153.

[18] Doc. 153 at 2; *see also* Doc. 151 at 2. Notwithstanding his statement that he has been deemed disabled, Williams again indicates that he would be able to work some number of hours per week. Doc. 153 at 2.

[19] Doc. 153 at 2; *see also* Doc. 151 at 2.