IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 09-40024-JAR-1 |
| ANTOINE CARDIN WILLIAMS, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Antoine C. Williams's *pro se* letter (Doc. 157) requesting compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, the Court dismisses Williams's motion for lack of jurisdiction.

**I.   Background**

On October 20, 2009, Williams pleaded guilty to five counts of an eight-count indictment: (1) distributing approximately 2.34 grams of a cocaine-base controlled substance; (2) robbing a Bureau of Alcohol, Tobacco, and Firearms ("ATF") agent of his duty weapon; (3) using, carrying, and brandishing a firearm in relation to a crime of violence; (4) assaulting an ATF agent; and (5) being a felon in possession of a firearm.[1] On March 9, 2010, the Court sentenced Williams to a 204-month term of imprisonment, a five-year term of supervised release, and a $500 special assessment.[2]

---

[1] Doc. 68.

[2] Doc. 104.  The controlling sentence on Counts 1, 3, 6, and 8 was 120 months, to run concurrent to one another; the controlling sentence on Count 4, using or brandishing a firearm during a crime of violence, was 84 months, to run consecutively to all other counts. *Id.*

Williams is incarcerated at USP Atlanta in Georgia. The Bureau of Prisons ("BOP") reports that 211 inmates have tested positive for COVID-19 out of 1,266 inmates tested at this facility.³ The BOP further reports that USP Atlanta has 4 active inmate cases, 4 active staff cases, and 2 inmate deaths attributed to COVID-19.⁴ Williams is 40 years old, and his projected release date is January 22, 2024.

Williams previously filed two *pro se* letters "requesting the court grant [him] compassionate release under the First Step Act due to the high risk of death or serious illness from COVID-19."⁵ He filed his first motion for compassionate release on June 9, 2020.⁶ The Court denied the motion, finding that Williams failed to establish that extraordinary and compelling reasons warranted a reduction in his sentence because he raised only generalized concerns about COVID-19.⁷ The Court also found that the sentencing factors in 18 U.S.C. § 3553(a) militated against a reduction in his sentence.⁸ Williams subsequently filed a virtually identical motion,⁹ which the Court construed as a motion for reconsideration and denied.¹⁰ In this third motion, Williams now "request[s] compassionate release due to a blood clot in [his] left foot."¹¹

---

³ Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus (last visited Apr. 26, 2021).

⁴ *Id.*

⁵ Doc. 151 at 1; Doc. 153 at 1.

⁶ Doc. 151.

⁷ Doc. 152 at 6–7.

⁸ *Id.* at 7–8.

⁹ Doc. 153.

¹⁰ Doc 156.

¹¹ Doc. 157 at 1.

Williams is not represented by counsel. Under District of Kansas Standing Order 19-1, the Federal Public Defender ("FPD") was appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act of 2018.[12] That Order was supplemented by Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic. Under Administrative Order 20-8, the FPD shall notify the court within fifteen days of any *pro se* individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination. The FPD has not entered an appearance on Williams's behalf, and the time to do so has expired. Accordingly, Williams proceeds *pro se*.

## II.     Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions."[13] "One such exception is contained in [18 U.S.C.] § 3582(c)(1)."[14] Under § 3582(c)(1)(A), as amended by the First Step Act of 2018,[15] a defendant may file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The court may reduce the defendant's sentence if it finds that (1) "extraordinary and compelling reasons" warrant a sentence reduction, (2) such a reduction is consistent with "applicable policy statements issued

---

[12] Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

[13] *United States v. Maumau*, ___ F.3d ___, 2021 WL 1217855, at *6 (10th Cir. Apr. 1, 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[14] *Id.*

[15] Pub. L. No. 115-391, 132 Stat. 5194.

by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[16]

"Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [the defendant's] request."[17] "[Tenth Circuit] cases thus require the movant to show that § 3582(c) authorizes relief for the court to have jurisdiction."[18] If the defendant cannot make this showing, the court must dismiss the motion for lack of jurisdiction.[19]

**III.   Discussion**

Williams does not allege that he has satisfied § 3582(c)(1)(A)'s exhaustion requirement. However, the government has attached to its Amended Response a request for compassionate release that Williams submitted to the warden of USP Atlanta on November 9, 2020.[20] There is no record indicating that the warden ever responded to Williams's request.

As the government notes, Williams did not state in his compassionate release request that he suffered from any medical condition. Instead, Williams requested compassionate release on the ground that COVID-19 "is rapidly spreading in all parts of the United States[,] including the

---

[16] 18 U.S.C. § 3582(c)(1)(A); *see Maumau*, 2021 WL 1217855, at *7.

[17] *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (quoting *United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009)) (vacating the district court's order denying a § 3582(c)(1)(A) motion and remanding with instructions to dismiss the motion for lack of jurisdiction). *But see United States v. Read-Forbes*, ___ F. App'x ___, No. 20-3104, 2021 WL 423160, at *2 n.1 (10th Cir. Feb. 8, 2021) (questioning, but not deciding, "whether [the defendant]'s failure to satisfy the substantive requirements of § 3582(c)(1)(A) is jurisdictional"); *United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021) (stating in dicta that "district courts may *deny* compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking" (emphasis added) (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021))).

[18] *United States v. Poutre*, 834 F. App'x 473, 474 (10th Cir. 2021).

[19] *Saldana*, 807 F. App'x at 820; *Poutre*, 834 F. App'x at 474. *But see Read-Forbes*, 2021 WL 423160, at *2 n.1; *McGee*, F.3d at 1043.

[20] Doc. 159-1.

prisons," and "Black people are dying 2.3 time more than any other race."[21]  Even assuming Williams's generic compassionate release request satisfies the exhaustion requirement, his motion fails to show that extraordinary and compelling reasons warrant a reduction in his sentence.

In this motion, Williams requests compassionate release on the ground that he has "a blood clot in [his] left foot."[22]  But Williams's recent medical records, submitted by the government, do not evidence this condition.[23]  Rather, his medical records indicate that he has complained of "pus coming out of [his] foot" and "fungus on his leg," and that he has had multiple toe amputations after sustaining a gunshot wound.[24]  To the extent Williams has a blood clot in his foot, that condition has not been recognized by the Centers for Disease Control and Prevention as placing him at a heightened risk of serious illness from COVID-19.[25]  And it bears noting that even if Williams's foot condition constituted an extraordinary and compelling reason for a sentence reduction, which it does not, the Court considered the applicable § 3553(a) sentencing factors in its prior ruling and determined that they do not support a reduction in his sentence.  Because Williams has failed to show that § 3582(c) authorizes relief, the Court must dismiss the motion for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Defendant Antoine C. Williams's Motion for Compassionate Release (Doc. 157) is **dismissed without prejudice for lack of jurisdiction**.

---

[21] *Id.*

[22] Doc. 157 at 1.

[23] *See* Doc. 159 at 19.

[24] *Id.*

[25] *See* CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Mar. 29, 2021).

**IT IS SO ORDERED.**

Dated: April 26, 2021

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                CHIEF UNITED STATES DISTRICT JUDGE