IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ANTOINE C. WILLIAMS,

    Defendant.

Case No. 09-40024-01-JAR

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Antoine C. Williams' *pro se* letter (Doc. 161) requesting compassionate release under 18 U.S.C. § 3582(c)(1)(A). The matter is fully briefed, and the Court is prepared to rule. For the following reasons, the Court denies Williams' motion.

**I.    Background**

On October 20, 2009, Williams pled guilty to five counts of an eight-count indictment: (1) distributing approximately 2.34 grams of a cocaine-base controlled substance; (2) robbing a Bureau of Alcohol, Tobacco, and Firearms ("ATF") agent of his duty weapon; (3) using, carrying, and brandishing a firearm in relation to a crime of violence; (4) assaulting an ATF agent; and (5) being a felon in possession of a firearm.[1] On March 9, 2010, the Court sentenced Williams to a 204-month term of imprisonment, a five-year term of supervised release, and a $500 special assessment.[2] Williams is currently incarcerated at USP Victorville. The Bureau of

---

[1] Doc. 68; *see also* Doc. 67.

[2] Doc. 104. The controlling sentence on Counts 1, 3, 6, and 8 was 120 months, to run concurrent to one another; the controlling sentence on Count 4, using or brandishing a firearm during a crime of violence, was 84 months, to run consecutively to all other counts. *Id.*

Prisons ("BOP") reports that one inmate and one staff member have tested positive for COVID-19.[3] Williams is forty-one years old, and his projected release date is January 22, 2024.

Williams previously filed three *pro se* letters "requesting the court grant [him] compassionate release under the First Step Act due to the high risk of death or serious illness from COVID-19."[4] He filed his first motion for compassionate release on June 9, 2020.[5] The Court denied the motion, finding that Williams failed to establish that extraordinary and compelling reasons warranted a reduction in his sentence because he raised only generalized concerns about COVID-19.[6] The Court also found that the sentencing factors in 18 U.S.C. § 3553(a) militated against a reduction in his sentence.[7] Williams subsequently filed a virtually identical motion,[8] which the Court construed as a motion for reconsideration and denied.[9] In his third motion, Williams "request[ed] compassionate release due to a blood clot in [his] left foot."[10] Once again, the Court found that Williams failed to show that extraordinary and compelling reasons warranted a sentence reduction.[11]

In the fourth motion currently before the Court, Williams requests compassionate release due to a purported mass COVID-19 outbreak at USP Victorville, urging that this outbreak has

---

[3] *COVID-19 Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited July 7, 2022).

[4] Docs. 151, 153, 157.

[5] Doc. 151.

[6] Doc. 152 at 6–7.

[7] *Id.* at 7–8.

[8] Doc. 153.

[9] Doc. 156.

[10] Doc 157 at 1.

[11] Doc. 160.

2

led to confinement that is "much more punitive than was expected at sentencing."[12] He also submits that his rehabilitation supports his compassionate release request.

## II.     Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions."[13] "One such exception is contained in [18 U.S.C.] § 3582(c)(1)."[14] Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[15] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Before reducing a term of imprisonment, a court must find that (1) "extraordinary and compelling reasons" warrant a sentence reduction, (2) such a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[16] The court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[17]

---

[12] Doc. 161 at 1.

[13] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[14] *Id.*

[15] Pub. L. No. 115-391, 132 Stat. 5194.

[16] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[17] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

**III.     Discussion**

    **A.          Exhaustion**

Section 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule that the government may waive or forfeit.[18]  Here, the government concedes that Williams has met the exhaustion requirement.  The Court thus proceeds to the merits.

    **B.          Extraordinary and Compelling Reasons**

Section 3582(c)(1)(A) requires a district court to find that "extraordinary and compelling reasons warrant a sentence reduction" before it may grant a § 3582(c)(1)(A) motion.  The court has "the authority to determine for [itself] what constitutes 'extraordinary and compelling reasons.'"[19]  While that authority "is bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the Sentencing Commission," the Sentencing Commission has not yet issued a policy statement "applicable" to § 3582(c)(1)(A) motions filed by a defendant.[20]  Thus, § 3582(c)(1)(A)'s consistency requirement does not currently constrain the court's discretion to consider whether extraordinary and compelling reasons warrant a sentence reduction.[21]

Williams asserts that his conditions of confinement during the COVID-19 pandemic constitute extraordinary and compelling reasons to reduce his sentence.  He contends that due to a recent COVID-19 outbreak, his facility is on lockdown, making his living conditions "unduly harsh."[22]  He also states that he "do[es] not want to die in prison."[23]  As noted, however, the BOP

---

[18] *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[19] *Maumau*, 993 F.3d at 832.

[20] *Id.* at 832, 836–37.

[21] *Id.* at 837.

[22] Doc. 161 at 1.

[23] *Id.*

4

presently reports that at USP Victorville, only one inmate and one staff member have tested positive for COVID-19.[24]  The facility is currently operating at "Level 3," meaning it has employed "intense modifications" to prevent the spread of the virus, and all visiting has been suspended until further notice.[25]  Williams' conditions of confinement—being housed at a Level-3 Operations facility—do not amount to extraordinary and compelling reasons for release.[26]

Further, Williams does not contend that he has any underlying health conditions that, coupled with the outbreak of COVID-19 in prison, make him more susceptible to serious illness or death should he contract COVID-19.  Although neither Williams nor the government state whether Williams has been fully vaccinated against COVID-19, a defendant's vaccinated status also mitigates against a grant of compassionate release.  The Tenth Circuit recently held in an unpublished decision that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction."[27]  And several district courts in the Tenth Circuit, including the District of Kansas, have followed this direction from the Circuit.[28]  Thus, Williams fails to show extraordinary and compelling reasons warranting a sentencing reduction.

---

[24] *COVID-19 Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited July 7, 2022).

[25] *USP Victorville*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/vip/ (last visited July 12, 2022).

[26] *See United States v. Labra*, No. 4:15-CR-107, 2022 WL 1522250, at *3–4 (E.D. Tex. May 12, 2022) (citations omitted) (concluding that "consequential inconveniences" as a result of modified Level 3 Operations do not create extraordinary and compelling reason to grant request for compassionate release, as these safety measures are implemented by BOP to prevent the spread of COVID-19 and to protect all inmates and staff).

[27] *United States v. McRae*, No. 21-4092, 2022 WL 803978, at *2 (10th Cir. Mar. 17, 2022) (quoting *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021)); *see also United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer relief far more effective than a judicial order.").

[28] *See United States v. Patton*, No. 16-40113-01-DDC, 2022 WL 2134197, at *5 (D. Kan. June 14, 2022) (collecting cases).

Moreover, while the Court commends Williams on his rehabilitation efforts, it is well settled that rehabilitation alone is not an extraordinary and compelling reason for compassionate release.[29] Accordingly, the Court denies Williams' motion on the ground that he once again fails to establish extraordinary and compelling reasons warranting compassionate release.[30]

**IT IS THEREFORE ORDERED BY THE COURT THAT** Defendant Antoine Williams' Motion for Compassionate Release (Doc. 161) is **denied**.

**IT IS SO ORDERED.**

Dated: July 15, 2022

S/ Julie A. Robinson<br>
JULIE A. ROBINSON<br>
UNITED STATES DISTRICT JUDGE

---

[29] *United States v. Mata-Soto*, 861 F. App'x 251, 255 (10th Cir. 2021); *see also* 28 U.S.C. § 994(t) ("Rehabilitation . . . alone shall not be considered an extraordinary and compelling reason.").

[30] For the reasons set forth in this Court's original order denying Williams compassionate release after considering the necessary § 3553(a) factors, incorporated by reference herein, the same results must apply here. *See* Doc. 152 at 7–8.