IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTOINE C. WILLIAMS,

    Defendant.

Case No. 09-40024-JAR

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Antoine C. Williams' *pro se* Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 164) requesting compassionate release. The matter is fully briefed, and the Court is prepared to rule. For the following reasons, the Court dismisses Williams' motion for failure to exhaust his administrative remedies.

### I.  Background

On October 20, 2009, Williams pled guilty to five counts of an eight-count indictment: (1) distributing approximately 2.34 grams of a cocaine-base controlled substance; (2) robbing a Bureau of Alcohol, Tobacco, and Firearms ("ATF") agent of his duty weapon; (3) using, carrying, and brandishing a firearm in retaliation to a crime of violence; (4) assaulting an ATF agent; and (5) being a felon in possession of a firearm.[1] On March 9, 2010, the Court sentenced Williams to a 204-month term of imprisonment, a five-year term of supervised release, and a $500 special assessment.[2]

---

[1] Doc. 68; *see also* Doc. 67.

[2] Doc. 104. The controlling sentence on Counts 1, 3, 6, and 8 was 120 months, to run concurrent to one another; the controlling sentence on Count 4, using or brandishing a firearm during a crime of violence, was 84 months, to run consecutively to all other counts. *Id.*

Williams previously filed four *pro se* letters "requesting the court grant [him] compassionate release under the First Step Act due to the high risk of death or serious illness from COVID-19."[3] He filed his first motion for compassionate release on June 9, 2020.[4] The Court denied the motion, finding that Williams failed to establish that extraordinary and compelling reasons warranted a reduction in his sentence because he raised only generalized concerns about COVID-19.[5] The Court also found that the sentencing factors in 18 U.S.C. § 3553(a) militated against a reduction in his sentence.[6] Williams subsequently filed a virtually identical motion[7], which the Court construed as a motion for reconsideration and denied.[8] In his third motion, Williams "request[ed] compassionate release due to a blood clot in [his] left foot."[9] Once again, the Court found that Williams failed to show that extraordinary and compelling reasons warranted a sentence reduction.[10] Williams filed a fourth motion, requesting compassionate release due to a purported mass COVID-19 outbreak at USP Victorville and urging that the outbreak led to confinement "much more punitive than was expected at sentencing."[11] The Court again found that Williams failed to show that extraordinary and compelling reasons warranted a sentence reduction.[12]

In the fifth motion currently before the Court—filed approximately one week after the Court denied his fourth motion—Williams requests compassionate release due to the ongoing

---

[3] Docs. 151, 153, 157.

[4] Doc. 151.

[5] Doc. 152 at 6–7.

[6] *Id*. at 7–8.

[7] Doc. 153.

[8] Doc. 156.

[9] Doc. 157 at 1.

[10] Doc. 160.

[11] Doc. 161 at 1.

[12] Doc. 163.

COVID-19 pandemic coupled with his medical conditions of obesity, high blood pressure, high cholesterol, and one previous COVID-19 diagnosis.[13]  Williams further asserts that he would receive a lesser sentence were he sentenced today, although he makes no argument in support of this claim.[14]  Williams is incarcerated at USP Victorville in California.  He is 41 years old, and his projected release date is January 22, 2024.

## II.     Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions."[15]  "One such exception is contained in [18 U.S.C.] § 3582(c)(1)."[16]  Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[17] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  Before reducing a term of imprisonment, a court must find that (1) "extraordinary and compelling reasons" warrant a sentence reduction, (2) such a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[18]  The court may deny a § 3582(c)(1)(A)

---

[13] Doc. 164.

[14] *Id.*

[15] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[16] *Id.*

[17] Pub. L. No. 115-391, 132 Stat. 5194.

[18] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

3

motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[19]

**III. Discussion**

Section 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule that the government may waive or forfeit.[20]  But when "properly invoked," mandatory claim-processing rules "must be enforced."[21]  Here, the government argues that this Court must dismiss Williams' motion without reaching the merits because he fails to show that he has satisfied the statute's exhaustion requirement.  Indeed, despite checking the box on the *pro se* form motion for compassionate release indicating that he submitted a request for compassionate release to the warden and has not yet received a response, Williams does not indicate when he submitted this request and provides no evidence that he exhausted his administrative remedies as instructed in the form.[22]  Because the exhaustion requirement is a mandatory condition that has been properly invoked by the government, the Court must dismiss Williams' § 3582(c)(1)(A) motion without prejudice to filing a new one if and when he exhausts his administrative remedies.[23]

---

[19] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[20] *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[21] *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017); *see also United States v. Gieswein*, No. 21-6056, 2021 WL 4852420, at *2 n.2 (10th Cir. Oct. 19, 2021) ("[Section 3582(c)(1)(A)'s] exhaustion requirement, though nonjurisdictional, remains a mandatory claim-processing rule that the court must enforce when the government invokes it, as it does here."); *United States v. Purify*, No. 20-5075, 2021 WL 5758294, at *3–4 (10th Cir. Dec. 3, 2021) ("enforc[ing] § 3582(c)(1)(A)'s exhaustion requirement" because the government properly invoked it).

[22] Doc. 164 at 2–3 (instructing defendants to include copies of any written correspondence to and from the BOP related to the motion, including the written request to the warden and records of any denial from the BOP).

[23] *See United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020) (concluding that unexhausted § 3582(c)(1)(A) motions should be dismissed without prejudice); *Purify*, 2021 WL 5758294, at *4 ("Like dismissals for lack of jurisdiction, dismissals for failure to exhaust are ordinarily without prejudice.").

**IT IS THEREFORE ORDERED BY THE COURT THAT** Defendant Antoine Williams' Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 164) is **dismissed without prejudice.**

**IT IS SO ORDERED.**

Dated: October 6, 2022

                                                    S/ Julie A. Robinson
                                                    JULIE A. ROBINSON
                                                    UNITED STATES DISTRICT JUDGE